J-S12016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOHN EDWARD STAMBAUGH | : | |
| Appellant | : | No. 1661 MDA 2018 |

Appeal from the PCRA Order Entered September 19, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000874-2013

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                           **FILED JULY 12, 2019**

Appellant, John Stambaugh, appeals from the September 19, 2018 Order, which dismissed as untimely his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Counsel for Appellant has filed an **Anders**[1] Brief and a Petition to Withdraw as Counsel. After careful review, we grant counsel's Petition to Withdraw and affirm.

---

[1] **See Anders v. California**, 386 U.S. 738 (1967).  Counsel filed an **Anders** brief.  However, the proper mechanism when seeking to withdraw in PCRA proceedings is a **Turner/Finley** brief.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).  Because an **Anders** brief provides greater protection to a criminal appellant, we may accept an **Anders** brief in lieu of a **Turner/Finley** no-merit brief. **Commonwealth v. Widgens**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011); **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

A detailed recitation of the factual and procedural history is unnecessary to our disposition. Briefly, on May 21, 2014, Appellant entered a negotiated plea of *nolo contendere* to Homicide by Vehicle While Driving Under the Influence and related offenses for the October 21, 2012 car accident which claimed the life of a passenger, Appellant's fiancé, and placed Appellant in a coma for several months.[2] The trial court sentenced Appellant to an aggregate term of 55 months to 120 months' incarceration. On June 9, 2014, the trial court amended the sentencing Order to include 407 days of credit time, from April 10, 2013 until May 21, 2015. Appellant did not file a direct appeal. Appellant's Judgment of Sentence, thus, became final on July 9, 2014. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.Crim.P. 720.

On August 6, 2018, Appellant filed a *pro se* Motion to Correct and/or Amend Sentencing Errors requesting additional credit for time served and claiming that he was detained by Pennsylvania State Police and the District Attorney while he was hospitalized in a coma prior to his arrest. The PCRA court considered Appellant's Motion to be a PCRA Petition, his first, and appointed counsel. On September 18, 2018, after a hearing, the PCRA court dismissed Appellant's PCRA Petition as untimely. This timely appeal followed.[3]

---

[2] Police arrested Appellant on April 10, 2013.

[3] On October 5, 2018, Appellant filed a *pro se* Notice of Appeal, which this court is required to docket despite the fact that Appellant is represented by counsel. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (holding that, unlike other filings, because a notice of appeal protects

Before we consider Appellant's arguments, we must review appellate counsel's request to withdraw from representation. Pursuant to **Turner/Finley**, counsel must conduct an independent review of the record before withdrawal on collateral appeal is permitted. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to have reviewed; and (3) providing an explanation of why the petitioner's issues are meritless. **Id**. The court then conducts its own independent review of the record to determine if the Petition is meritless. **Id**. Counsel must also send to the petitioner: "(1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007).

Our review of the record discloses that counsel has complied with each of the above requirements. Additionally, counsel served Appellant with a copy of the Petition to Withdraw and **Anders** Brief, advising him that he had the right to proceed *pro se* or with privately retained counsel. Since counsel has

---

a constitutional right this Court is required to docket a *pro se* notice of appeal despite an appellant being represented by counsel). The trial court did not order a Pa.R.A.P 1925(b) Statement. The trial court issued a Pa.R.A.P. 1925(a) Opinion. Appellant's counsel filed an **Anders** Brief on December 28, 2018.

complied with the ***Turner*/*Finley*** requirements, we will proceed with our independent review of the record and the merits of Appellant's claims.

In his ***Anders*** Brief, counsel raises the issue of whether the PCRA court erred in dismissing Appellant's PCRA petition as untimely. ***Anders*** Brief at 3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. ***See*** 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's Petition, filed over four years after his Judgment of Sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed

within 60 days of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).[4]

Appellant alleges that his sentence is illegal because the trial court did not give him credit for time served while he was hospitalized in a coma prior to his arrest. PCRA Petition, filed 8/6/18, at 4 (unpaginated). This is a challenge to the legality of his sentence, which is cognizable under the PCRA. ***Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa. Super. 2004). "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). Instantly, Appellant has not invoked or argued that any timeliness exception applies to his claim. Accordingly, we are without jurisdiction to review Appellant's issue.

In conclusion, Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and the PCRA court properly dismissed Appellant's Petition as untimely. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed. Petition to Withdraw granted.

---

[4] Effective December 24, 2018, Section 9545(b)(2) now provides that "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented."

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/12/2019</u>